[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Motion #124 in the first of the above captioned mortgage foreclosure actions, and motion #114 in the second case, both seeking disqualification of Cummings Lockwood, plaintiff Union Trust Company's law firm, are denied.
The motions claim that the law firm's prior representation of one Carl H. Freyer, a defendant in both cases, "violates Rule 1.7 of the Rules of Professional Conduct relating to conflict of interest." This rule provides that a lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and (2) each client consents after consultation. Another element of the rule prohibits representation of a client if that representation is "materially limited" by the lawyer's responsibilities to another client. It appears, according to the "Comments," that Rule 1.7 applies to the representation of two clients at the same time where a conflict of interest might arise between the clients. CT Page 6033
Rule 1.9 of the Rules of Professional Comments pertains directly to conflict of interest with respect to a "former client" of Cummings 
Lockwood, such as Freyer. This rule provides that a lawyer "who has formerly represented a client in a matter shall not thereafter: (a) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or (b) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known."
Defendant Freyer's motions are based on the fact that Cummings 
Lockwood represented him in 1980 in connection with the preparation of a new will, and again in 1983 with respect to a federal gift tax return. The transactions in these two current cases consist of commercial loans made in 1986 from the plaintiff to the named defendant, 16-20 North Water Street, which the defendant Freyer purportedly guaranteed.
As pointed out in Bergeron v. Mackler, 225 Conn. 391, 399, ___ A.2d ___ (1993), the test for disqualification under Rule 1.9 of the Rules of Professional Conduct is whether "the relationship between the issues in the prior and present cases is patently clear or when the issues are identical or essentially the same." (internal quotation marks and citations omitted). It is clear that Cummings Lockwood's prior legal services rendered to Freyer in 1980 and 1983 and its current representation of the plaintiff, Union Trust Company, in connection with the foreclosures of two mortgages which Freyer allegedly guaranteed, are not substantially related. Furthermore, the movant has made no showing that Cummings Lockwood obtained "confidential information that would potentially disadvantage a former client." Id. 399.
The standards for disqualification of an attorney were further elucidated in the Bergeron case by the court's statement that disqualification of an attorney should be based on protecting client confidences and at such disqualification "may not be used to restrict an individual's ability to select counsel of choice on the basis of nothing more than a litigant's subjective perception that another litigant is influencing the proceedings." Id. 400.
In addition, Cummings Lockwood filed an affidavit by one of its attorneys that he spoke on the telephone with Freyer, and that Freyer orally consented to the firms's representation of Union Trust Company, the plaintiff in these two actions. It is also true that Freyer did not sign and return to Cummings Lockwood a letter confirming the alleged CT Page 6034 telephone conversation which had been sent to him, and that at some later point in time Freyer claims to have withdrawn his alleged verbal consent. However, I am satisfied that Freyer consented to Cummings 
Lockwood's representation of Union Trust Company, although I also believe that such consent was not required under the circumstances.
Accordingly, the motions to disqualify Cummings Lockwood as plaintiff's attorneys in both of the above cases are denied.
So Ordered.
Dated at Stamford, Connecticut, this 18th of June, 1993.
William B. Lewis, Judge